USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA WAHAB, *on behalf of herself and all others similarly situated*,

                Plaintiff,

-against-

MIN NEW YORK, INC.,

                Defendant.

1:24-cv-03779-MKV

**ORDER OF DISMISSAL**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on May 16, 2024. [ECF No. 1]. A summons was returned executed on July 1, 2024. [ECF No. 5]. According to that document, Defendant's answer was due by July 19, 2024. [ECF No. 5]. Defendant has not appeared, answered, or otherwise responded to the complaint to date.

On October 10, 2024, the Court issued an Order to Show Cause by October 24, 2024 why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 6 ("October 10 Order")]. The Court warned that this case may be dismissed because of her chosen counsel's failure to prosecute the case. October 10 Order at 1. On October 11, 2024, two filing errors appeared on the docket and Plaintiff was notified that its attempted filings were deficient. [ECF Nos. 7 & 8].

On October 31, 2024, the Court issued another Order to Show Cause by November 13, 2024 why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 9 ("October 31 Order")]. The Court warned that failure to comply may result in dismissal. October 31 Order at 1-2. Thereafter, Plaintiff filed a proposed Certificate of Default and Affirmation in Support of the Request for a Certificate of Default. [ECF Nos. 10–11].

The Clerk of Court issued a Clerk's Certificate of Default. [ECF No. 12]. Plaintiff did not move for default or timely respond to October 31 Order.

As such, on November 26, 2024, the Court issued a third Order to Show Cause requiring Plaintiff to file a letter showing cause why this case should not be dismissed on or before December 5, 2024. [ECF No. 13 ("November 26 Order")]. The Court again warned that failure to comply may result in dismissal. November 26 Order at 2. Plaintiff failed to timely respond or take any further action to prosecute this case.

Finally, on December 6, 2024 the Court issued a fourth Order to Show Cause requiring Plaintiff to file a letter showing cause why this case should not be dismissed on or before December 19, 2024. [ECF No. 14 ("December 6 Order")]. The Court again warned that failure to comply may result in dismissal. December 6 Order at 2. Plaintiff failed to timely respond or take any further action to prosecute this case since that date.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court has carefully considered each of these five factors. This case has been pending for more nearly a year, and Plaintiff has not taken any action to prosecute this case beyond serving the Defendant and requesting a clerk's certificate of default. [ECF Nos. 5 & 10]. More importantly, Plaintiff has completely ignored at least two court orders directing him to act over the course of the past five months [ECF Nos. 13, 14]. Courts in this District have dismissed cases for similar spans of noncompliance. *See, e.g.*, *Massey v. City of New York*, No. 20-CV-7622-LTS-RWL, 2022 WL 4384082, at *2 (S.D.N.Y. Sept. 22, 2022) (five months); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503-LTS-KNF, 2021 WL 5087923, at *2 (S.D.N.Y. Nov. 2, 2021) (five months); *Seth v. City of New York*, No. 1:19-CV-01960-AJN-SDA, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal'); *Chavis v. City of New York*, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (four months).

In each of the Court's Orders To Show Cause, the Court provided clear notice that "she is ultimately responsible for prosecuting this case, and **this case may be dismissed** because of her chosen counsel's failure to prosecute the case" and, in three of the Court's Orders to Show Cause the Court put plaintiff on notice that "**failure to comply with the Court's orders . . . may result in sanctions, including . . . dismissal**." [ECF Nos. 6, 9, 13, 14] (emphasis in original); *see Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (affirming dismissal for failure to prosecute where the court "indisputably gave notice" to the plaintiff that the case would be dismissed for "future transgressions"); *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) ("Three warnings are more than sufficient to find this factor counsels in favor of dismissal." It prejudices Defendant and burdens the Court to maintain this action open on the Court's docket

indefinitely in the hope that further prodding from the Court will prompt Plaintiff to reappear. *See Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). The Court has considered lesser sanctions, including fines on counsel, but Plaintiff has halted communications with the Court despite warnings of dismissal, so lesser sanctions would be ineffective. *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (finding it was unclear that a "lesser sanction" would have proved effective because plaintiff failed to respond to notice threatening dismissal); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503-LTS-KNF, 2021 WL 5087923, at *3 (S.D.N.Y. Nov. 2, 2021) ("Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective."). As such, the Court concludes that dismissal for failure to prosecute is appropriate.

Accordingly, this case is DISMISSED with prejudice for failure to prosecute. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Dated:** **April 24, 2025**
**New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**